```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED: 10/30/19             │
└─────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BANCO SAFRA S.A. – CAYMAN
ISLANDS BRANCH, Individually and on
Behalf of All Others Similarly Situated,

                    Plaintiff,

        - against -

SAMARCO MINERAÇÃO S.A., BHP
BILLITON LIMITED, BHP BILLITON
PLC, BHP BILLITON BRASIL LTDA., and
VALE S.A.,

                    Defendants.

---

16 Civ. 8800 (RMB)

**DECISION & ORDER**

Having reviewed the record herein, including without limitation: **(i)** the Court's June 18, 2019 Decision & Order ("Decision" or "Order") dismissing Plaintiff's Second Amended Complaint, dated March 21, 2018, ("SAC"), with prejudice because the complaint, "even as supplemented by Exhibit A . . . listing purchases and sales of Samarco Bonds, and including for each listed transaction the name and address of the U.S. 'Counterparty/Broker-dealer,' the trade date, and the purchase or sale price in U.S. dollars . . . , the Morpurgo Declaration . . . , and as informed by arguments and authorities presented in two motions to dismiss," was "insufficient to plead a domestic transaction under Morrison [v. National Australia Bank, 561 U.S. 247 (2010)]," see Order at 3, 8; **(ii)** Plaintiff's July 9, 2019 Memorandum of Law in Support of Plaintiff's Motion for Reconsideration of the Order, arguing that (a) "the [C]ourt erroneously evoked the old conduct-and-effects test the Supreme Court emphatically rejected in *Morrison*," see Pl. Mem. at 5, and (b) even if "the Court determines not to vacate the judgment and deny Defendants' motion to dismiss," the Court should grant "leave to amend the Complaint" for the third time, see

Pl.'s Mem. at 8; **(iii)** Defendants' July 23, 2019 Memorandum of Law in Opposition to Plaintiff's

Motion for Reconsideration of the Order, arguing that (a) the Court's Order "applied *Morrison*

and its progeny, not the conduct-and-effects test that Plaintiff asserts was applied," see Def.

Mem. at 1, and (b) "Plaintiff's successive failures to cure the deficiencies in its pleadings of a

domestic securities transaction precluded further amendment," see Def. Mem. at 5; and **(iv)**

Plaintiff's July 29, 2019 Reply Memorandum of Law in Support of Plaintiff's Motion for

Reconsideration of the Order, **the Court denies Plaintiff's Motion for Reconsideration [#100]**,

as follows:[1]

1 – "A motion for reconsideration should be granted only when the defendant identifies

an intervening change of controlling law, the availability of new evidence, or the need to correct

a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL

Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

"Reconsideration of a court's previous order is an extraordinary remedy to be employed

sparingly in the interests of finality and conservation of scarce judicial resources." Cartier, a Div.

of Richemont N. Am., Inc. v. Aaron Faber, Inc., 396 F. Supp. 2d 356, 363 (S.D.N.Y. 2005)

(internal quotation marks omitted); see also Van Buskirk v. United Grp. of Companies, Inc., 935

F.3d 49, 54 (2d Cir. 2019) ("A motion for reconsideration is an extraordinary request that is

granted only in rare circumstances . . . ."). "A motion for reconsideration is not a motion to

reargue those issues already considered when a party does not like the way the original motion

was resolved." See Lifschitz v. Hexion Specialty Chemicals, Inc., No. 08 Civ. 6394 (RMB),

2009 WL 734040, at *1 (S.D.N.Y. Mar. 18, 2009) (internal quotation marks omitted).

---

[1] Any arguments raised by the parties but not specifically addressed herein have been considered by the Court and rejected.

2 – Plaintiff does not meet the high bar for reconsideration. Among other reasons, there was no intervening change of controlling law, no new evidence, and no need to correct a clear error. The issues that are raised in Plaintiff's Motion were addressed in the Court's Decision and Order.

3 – Plaintiff's contention that the Court misapplied the law is belied by the Decision's plain text. The Decision carefully explained that the appropriate standard for determining whether a 10b-5 claim has alleged a domestic transaction is <u>Morrison v. National Australia Bank</u> and its progeny. <u>See</u> Order at 7 ("Based on th[e] presumption against extraterritoriality, the Supreme Court held in <u>Morrison [v. Nat'l Australia Bank</u>, 561 U.S. 247 (2010)] that the reach of U.S securities law is presumptively limited to (1) transactions in securities listed on domestic exchanges, and (2) domestic transactions in other securities." (internal quotation marks omitted)). The Court cited to Second Circuit cases that articulated the <u>Morrison</u> decision, including <u>Absolute Activist Value Master Fund Ltd. v. Ficeto</u>, 677 F.3d 68 (2d Cir. 2012) and <u>In re Petrobras Sec.</u>, 862 F.3d 250 (2d Cir. 2017). These are the very same cases Plaintiff asserts the Court failed to apply. <u>See</u> Order at 7–9, 12–13 (citing <u>Morrison, Absolute Activist</u>, and <u>Petrobras</u> as the relevant legal authorities); Pl. Mem at 5–7 (citing <u>Morrison, Absolute Activist</u>, and <u>Petrobras</u> as the legal authorities the Court purportedly did not apply). The Court never mentioned the "conduct-and-effects test."

4 – Further, leave to amend the Complaint is uncalled for. Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." While leave to amend is (and, in this case, has been) freely granted, additional amendment is unwarranted because of Plaintiff's "repeated failure to cure deficiencies by amendments previously allowed, [an] undue prejudice to the opposing party by virtue of

allowance of the amendment, [and] futility of amendment.'" See Foman v. Davis, 371 U.S. 178, 182 (1962) (emphasis added). "Notwithstanding two prior amendments, the addition of Exhibit A and the Morpurgo Declaration, Plaintiff failed to cure the Morrison deficiencies" in the Second Amended Complaint. See Order at 14. Plaintiff was on notice from the Court that its Third Complaint was its last opportunity to sufficiently allege a domestic transaction. See Order at 14 (citing Mar. 7, 2018 Order ("Plaintiff shall have until Wednesday, March 21, 2018 (noon) to submit a **final amended complaint**.") (emphasis added)). Plaintiff's contention that it had "no prior analysis or guidance from the Court and *no real opportunity to amend* the Complaint in light of the Court's rationale," Pl. Mem. at 8 (emphasis in original), is unpersuasive and disingenuous. As Defendants succinctly explain,

> The SAC was filed in March 2018 expressly in an effort to add allegations of a domestic securities transaction. Plaintiff filed the SAC after pre-motion letters, a pre-motion conference, and Defendants' motion to dismiss the [First Amended Complaint]; at each turn Defendants argued that Plaintiff had failed to allege where purchase orders were placed, title passed, or money was exchanged. And Plaintiff filed the SAC after the Court advise it that this would be Plaintiff's 'final amended complaint.' Dkt. No. 79. If Plaintiff needed any further guidance from the Court as to the facts needed to meet the *Morrison* standard (a dubious notion), it should have sought that guidance then. Plaintiff's decision to file and rely on the SAC was an informed choice to submit its third round of allegations of a domestic securities transaction **and was, it is reasonable to understand, Plaintiff's best effort to meet the *Morrison* standard**. That the Court refused to give Plaintiff a fourth chance to meet this standard does not warrant reconsideration.

Def. Mem. at 7 (emphasis added). The record shows that despite the opportunity to amend, Plaintiff was unable to cure these deficiencies, and it is unlikely that another opportunity to amend will result in a well-pleaded complaint. See United States ex. rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016).

5 – The Court declines to consider any new allegations in the Proposed Third Amended Complaint ("PTAC") appended to Plaintiff's Declaration. Indeed, Plaintiff's Declaration is

presented in violation of Local Rule 6.3, which explicitly states that with respect to motions for reconsideration, "[n]o affidavits shall be filed by any party unless directed by the Court." See Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995) (a "party may not advance new facts, issues, or arguments not previously presented to the court" in an affidavit submitted on a motion for reconsideration). Even if the Court were to consider the PTAC, it would likely confirm that Plaintiff's proposed amendment would be futile because the proposed amendment fails to advance new facts plausibly to plead a domestic transaction and remains insufficient as a matter of law. See Cuoco v. Moritsugu, 222 F.3d 99. 112 (2d Cir. 2000) ("The problem with [Plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

**Conclusion & Order**

For the reasons stated above, Plaintiff's motion for reconsideration [#100] is denied.


Dated: October 30, 2019
      New York, New York

_RMB_

_____
**RICHARD M. BERMAN**
**U.S.D.J**